ORIGINAL

FILED
NOV 2 7 2007
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LOURDES HYDE,<br>Plaintif,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 07-828 C |

## COMPLAINT

The Plaintiff, Lourdes Hyde, alleges the following:

## NATURE OF THE ACTION

1. The Plaintiff seeks payment of benefits under the Survivor Benefits Plan (the "Plan") pursuant to 10 U.S.C. §§ 1447-1455 (1994). The Plaintiff was never notified of her deceased husband's decision to opt out of the Plan, and she was never counseled concerning the effects of his decision. The signature of the Plaintiff's name on her husband's election certificate (purporting to provide the required consent and knowledge by the service member's spouse of the decision not to participate in the Plan) is not the signature of the Plaintiff. The Defendant cannot establish that either proper notice or proper counseling were given to the Plaintiff such as to permit the Plaintiff's husband to lawfully elect to opt out of the Plan, rendering such election void. Thus, Plaintiff is entitled to payment of full survivor benefits pursuant to 10 U.S.C. § 1448(a)(3)(A).

## JURISDICTION

2. This Court has Jurisdiction over this claim pursuant to 28 U.S.C. § 1491(a).

## THE PARTIES

3. The Plaintiff, Lourdes Hyde, is the widow of Reginald P. Hyde, a Retired Petty Officer of United States Navy. The Plaintiff was married to Mr. Hyde at the time of his death on February 12, 2005.

4. The Defendant, the United States of America, is responsible for the payment of the benefits owed to the Plaintiff under the Survivor Benefits Plan, 10 U.S.C. § 1448(a)(3)(A), a statute which creates a substantive right enforceable against the United States of America for money damages.

## FACTUAL ALLEGATIONS

5. On May 12, 1996, Reginald Hyde executed DD Form 2656. This is the standard form used for a service member's election of whether to participate in the Plan.

6. Section VII of DD Form 2656 is entitled "Survivor Benefit Plan Election." Mr. Hyde checked box "g" and apparently signed the form in Section IX.

7. Section VIII of DD Form 2656 is entitled "Survivor Benefit Spousal Concurrence." This section is completed by a service member's spouse if full coverage is not elected.

8. Some person wrote the Plaintiff's name, "Lourdes A. Hyde," in box 35 of Section VIII on the copy of DD Form 2656 which was apparently signed by Mr. Hyde.

9. Prior to the Plaintiff's husband's death, she never observed or reviewed the contents of the copy of DD Form 2656 apparently signed by Mr. Hyde, nor did she have any knowledge of Mr. Hyde's decision not to participate in the Plan.

10. The writing of the Plaintiff's name, "Lourdes A. Hyde," as contained in box 35 of Section VIII on the copy of DD Form 2656 apparently signed by Mr. Hyde, is not the signature of the Plaintiff, as the Plaintiff never signed the copy of DD Form 2656 apparently signed by Mr. Hyde.

11. The Plaintiff does not know, personally or professionally, the witness, "Ernest R. Walker," listed in box 37 and box 43 of Section VIII on the copy of DD Form 2656 apparently signed by Mr. Hyde.

12. The Plaintiff never received counseling from the United States Navy or any other military office concerning the effects of her husband's decision not to participate in the Plan.

13. At no time did the Plaintiff concur with Mr. Hyde's apparent election regarding the Plan. At no time did the Plaintiff consent to Mr. Hyde's apparent election regarding the Plan.

14. On June 1, 1996, Mr. Hyde retired from the United States Navy.

15. On February 12, 2005, Reginald Hyde died.

16. On February 14, 2005, the Plaintiff was informed of her late husband's apparent election to not participate in the Plan.

17. On May 20, 2005, the Plaintiff timely petitioned the Department of the Navy, Board for Correction of Naval Records to amend her husband's records to show that he

elected to participate in the Plan retroactively back to May 1994. In her petition, the Plaintiff stated the writing of her name contained in box 35 on the copy of DD Form 2656 apparently signed by Mr. Hyde was not in fact her signature. On September 7, 2005, the Board for Correction of Naval Records denied the Plaintiff's petition.

18. In November 2005, the Plaintiff petitioned the Board for Correction of Naval Records with supplemental evidence. Board Certified Document Examiner, Cina L. Wong, affirmed that the writing of Plaintiff's name contained in box 35 on the copy of DD Form 2656 apparently signed by Mr. Hyde was in fact not the signature of the Plaintiff. On February 15, 2006, the Board for Correction of Naval Records again denied the Plaintiff's petition.

## CLAIMS FOR RELIEF

Count 1: Failure to Provide Notice of Election Not to Participate

19. The Plaintiff incorporates herein by references the allegations contained in Paragraphs 1 through 18.

20. A married service member can elect to not participate in the Plan only with the consent of his/her spouse. The signature of the service member's spouse is required for such election to be legally valid. 10 U.S.C. § 1448(a)(3). A service member's election to opt out of the Plan is void unless proper notice to the spouse is provided. 10 U.S.C. § 1448(a).

21. The Plaintiff was never notified of her husband's decision not to participate in the Plan. The writing of Plaintiff's name contained in box 35 on the copy of DD Form 2656 apparently signed by Mr. Hyde is not the signature of the Plaintiff.

22. The Defendant's failure to satisfy the statutory notice requirement renders any election by Mr. Hyde to not participate in the Plan void, leaving Mr. Hyde by default a proper participant in the Plan.

23. The Plaintiff is therefore entitled to payment of full survivor benefits by the Defendant pursuant to statute, which to date the Defendant has failed to pay to the Plaintiff. 10 U.S.C. § 1448(a)(3)(A).

Count 2: Failure to Counsel Concerning Effects of Election Not to Participate

24. The Plaintiff incorporates herein by references the allegations contained in Paragraphs 1 through 23.

25. A service member's spouse must receive counseling from the Defendant on the implications of the decision to opt out of the Plan before an election out of the Plan is legally valid. 10 U.S.C. § 1455.

26. The Defendant never provided the Plaintiff the statutorily-required counseling on the consequences of her husband's election not to participate in the Plan.

27. The Defendant's failure to satisfy the statutory counseling requirement renders any election by Mr. Hyde to not participate in the Plan void, leaving Mr. Hyde by default a proper participant in the Plan.

28. The Plaintiff is therefore entitled to payment of full survivor benefits by the Defendant pursuant to statute, which to date the Defendant has failed to pay to the Plaintiff. 10 U.S.C. § 1448(a)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court enter judgment against the Defendant which provides the following relief:

A. An Order awarding the Plaintiff full annuity benefits under the Survivor Benefits Plan, as if her husband elected to participate in the Plan in May 1996,

B. An award of full attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412, and

C. Any other and further relief that the court deems just and equitable.

November 26, 2007

Respectfully Submitted,

Sandra Mazliah, Attorney of Record

Andrew J. Perlmutter, Of Counsel

Sandra Mazliah
Andrew J. Perlmutter
PASSMAN & KAPLAN, P.C.
1090 Vermont Ave. NW, Suite 500
Washington, DC 20005
PHONE (202) 789-0100
FAX (202) 789-0100