IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LOURDES HYDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-828C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR REMAND**

Pursuant to Rule 52.2 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court remand this matter, for a period not to exceed three months, to the Department of the Navy ("Navy") for the following purposes: 1) to obtain the results of a handwriting analysis to be conducted by the United States Army Criminal Investigative Laboratory ("USACIL"); 2) for the Board for Correction of Naval Records ("BCNR") to reconsider its denial of plaintiff's, Mrs. Hyde's, claim seeking full annuity benefits pursuant to the Survivor Benefit Plan ("SBP"), 10 U.S.C. § 1448, in light of the results of the handwriting analysis to be conducted by the USACIL; 3) for the BCNR to explain in detail the rationale supporting its final decision upon remand of Mrs. Hyde's claim. Plaintiff's counsel has indicated that plaintiff does not consent to the requested relief.

In this action, Mrs. Hyde seeks review of the BCNR's determination that she did not become entitled to annuity benefits pursuant to the SBP upon the death of her husband. Compl. ¶ 1. On May 12, 1996, Mr. Hyde executed DD Form 2656 and elected not to participate in the SBP. Compl. ¶¶ 5-8. Mrs. Hyde contends that she was never notified of her husband's election to opt out of the SBP and that the signature upon Mr. Hyde's DD For, 2656 purporting to be her authorization to opt out of the SBP is a forgery. Id. ¶¶ 8-13.

Mr. Hyde died on February 12, 2005. Id. ¶ 15. On February 14, 2005, Mrs. Hyde was notified of her ineligibility for survivor benefits pursuant to the SBP. Id. ¶ 16. Mrs. Hyde subsequently petitioned the BCNR to amend her husband's records to "show that he elected to participate in the plan retroactively back to May 1994." Id. ¶ 17. Among other evidence, Mrs. Hyde provided the BCNR a report purporting to demonstrate that the signature appearing on her husband's DD Form 2656 was not Mrs. Hyde's. Id. ¶ 18. The BCNR denied Mrs. Hyde's petition. Id. Among other relief, Mrs. Hyde seeks an order from this Court instructing the Navy to award her full annuity benefits "as if her husband had elected to participate in the Plan in May 1996." Id. at Prayer For Relief.

Although service members may elect not to participate in the SBP, pursuant to 10 U.S.C. § 1448(a)(3)(A), "[a] married person who is eligible to provide a standard annuity may not without the concurrence of the person's spouse elect [] not to participate in the Plan."[1] Thus, central to Mrs. Hyde's complaint is her allegation that the signature upon her husband's DD Form 2656 that purports to be hers is a forgery.

When the BCNR examined Mrs. Hyde's petition for amendment of her husband's records, it did not have the benefit of a USACIL handwriting analysis. However, upon request from the Navy, USACIL has agreed to conduct a handwriting analysis on an expedited basis. Based upon USACIL's agreement to conduct a handwriting analysis, the BCNR has agreed to revisit its decision denying Mrs. Hyde's contention and take into account the opinion of USACIL.

---

[1] Prior to the enactment of amendments in 1985, Pub.L. No. 99-145, section 721(a)(2), spouses merely had to be notified of the decisions not to participate or to reduce benefits.

This Court's "review of military benefits decisions involving Correction Boards typically are based on an administrative record consisting of the documents and evidence that were before the Correction Board, any transcripts of proceedings, and the documents memorializing the board's determinations." King v. United States, 65 Fed. Cl. 385, 391 (Fed. Cl. 2005). Thus, a remand is necessary to allow the BCNR to consider USACIL's opinion and create a record of its decision based upon new information that will be placed before it. USACIL has indicated that it should be able to conduct an analysis of the handwriting exemplars plaintiff provides within 30 days after receipt. The BCNR has indicated that it expects to issue a new decision upon plaintiff's petition within 60 days of receipt of USACIL's analysis.

For these reasons, we respectfully we respectfully request that the Court grant a voluntary remand for USACIL to conduct a handwriting analysis and the BCNR to reconsider Mrs. Hyde's petition in light of USACIL's analysis.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

/s/ David S. Silverbrand
DAVID S. SILVERBRAND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit - 8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 305-3278
Fax: (202) 353-7988
Attorneys for Defendant

OF COUNSEL:

MARC S. BREWEN
LCDR, JAGC, USN
Office of The Judge Advocate General
United States Navy

February 11, 2008

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 11th day of February, 2008, a copy of the foregoing motion for an enlargement of time, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ David S. Silverbrand