IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LOURDES HYDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-828C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR REMAND**

Pursuant to Rule 7.1(c) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply in support of its motion to remand these proceedings to the Department of the Navy ("Navy"). Plaintiff, Lourdes Hyde, filed her response in opposition to our motion on March 10, 2008.

As we demonstrated in our motion to dismiss and reiterate below, a remand would allow: (1) the Navy to obtain the results of a handwriting analysis from the United States Army Criminal Investigative Laboratory ("USACIL"); (2) reconsideration of Ms. Hyde's claim seeking full annuity benefits pursuant to the Survivor Benefit Plan ("SBP"), 10 U.S.C. § 1448, by the Board for Correction of Naval Records ("BCNR"); and (3) BCNR to provide a detailed rationale in support of its final decision upon remand.

Ms. Hyde contends that our request for a remand is premature "and an inappropriate attempt to bypass proper judicial review of the Department of Navy ("Navy") Board of Correction of Naval Records' ("BCNR" []) decision, at worst." Pl. Response at 1. In addition, Ms. Hyde contends the Government failed to cite a basis that "would allow [] new evidence to be created by the Navy, []or considered by the Board" or other "facts or law that would make a remand proper at this time." Id. We address each of Ms. Hyde's arguments below.

## ARGUMENT

When the BCNR examined Mrs. Hyde's petition for amendment of her husband's records, it did not have the benefit of a USACIL handwriting analysis.[1] Upon request from the Navy, USACIL's Questioned Documents division agreed to conduct a handwriting analysis. USACIL will prepare a detailed report and that report will be delivered to BCNR for review on remand in addition to the current administrative record. This new evidence will present a complete and competent record for review.

We seek a remand pursuant to Court of Federal Claims Rule 52.2(a)(1), which provides, "[a]t the request of a party or on its own motion, the court may in any case within its jurisdiction by order remand appropriate matters to any administrative or executive body or official with such direction as may be deemed proper and just." This rule reiterates the Court's authority to remand under the Tucker Act and vests the Court with "the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." 28 U.S.C. § 1491(a)(2); see SKF USA Inc. v. United States, 254 F.3d 1022, 1028 (Fed. Cir. 2001) ("[W]hen an agency action is reviewed by the courts, in general the agency may take one of five positions, though it is possible that there may be remand situations that do not fall neatly into this taxonomy. . . . Fourth, even in the absence of intervening events, the agency may request a remand, without confessing error, to reconsider its previous position."). Although SKF

---

[1] USACIL is located at Fort Gillem, Georgia, and it provides forensic laboratory services to DoD investigative agencies and other federal law enforcement agencies. USACIL is accredited by the American Society of Crime Laboratory Directors since 1985 and provides state of the art forensic examinations in the following disciplines: Drug Chemistry, Trace Evidence, Serology/DNA, Latent Prints, Questioned Documents, Imaging & Technical Services and Firearms & Toolmarks.

involved a challenge to an antidumping duty administrative review conducted by the Department of Commerce ("Commerce"), the cases upon which the United States Court of Appeals for the Federal Circuit relied for its analysis are not specific to Commerce or matters involving international trade. Thus, contrary to Ms. Hyde's contention that "[t]his case does not meet the standard for remand," Pl. Response at 9, an agency may "simply state that it had doubts about the correctness of its decision or that decision's relationship to the agency's other policies. Here, the reviewing court has discretion over whether to remand." SKF, 254 F.3d at 1029.

Ms. Hyde correctly states that BCNR is not an investigative body pursuant to Secretary of the Navy Instruction (SECNAVINST) 5420.193, section 2b. Pl. Response at 5. However, counsel for the Secretary of the Navy does have the authority to investigate. In this case, counsel for the Secretary, Lieutenant Commander Brewen, arranged for USACIL to conduct a handwriting analysis of the signature Ms. Hyde alleges is a forgery. We requested Ms. Hyde's cooperation in that she provide up to 20 handwriting samples of her signature. Ms. Hyde's writing samples would be delivered to a Naval Criminal Investigative Service ("NCIS") Special Agent. Though this is not a criminal matter, the NCIS would follow the same evidentiary protocols in the packaging, labeling, and custody of Ms. Hyde's handwriting samples to ensure the integrity of analysis. NCIS would then submit the samples to USACIL for the formal analysis. USACIL would release a report of this analysis to NCIS. This formal forensic report would be submitted to BCNR for the remand review. The report will constitute additional investigative information and competent relevant evidence that must be considered by BCNR, whether or not it supports the original BCNR opinion, in accordance with case law discussed below.

Florida Power Light Co. v. Lorian, 470 U.S. 729 (1985), cited by Ms. Hyde, supports our position: "'[i]f the record before the agency does not support the agency action [or] if the agency has not considered all relevant factors . . . the proper course, except in rare circumstances, is to remand to the agency for additional **investigation or explanation.**'" Pl. Response at 9 (quoting Florida Power &, 470 U.S. at 744) (emphasis added)). In fact, pursuant to the substantial evidence rule, "all of the competent evidence must be considered, **whether original or supplemental**, and whether or not it supports the challenged conclusion." Six, 71 Fed. Cl. at 679 (citing Heisig v. United States, 719 F.2d 1153, 1156 (Fed. Cir. 1983)) (emphasis added). Thus, there is no basis for Ms. Hyde's contention that our motion for remand is "a thinly veiled attempt to create a different administrative record for the Court's review." Pl. Response at 8.

Remand is appropriate when the administrative record is incomplete. Here the record is incomplete. The only handwriting analysis BCNR had during its initial proceedings was from an analyst arranged and compensated for by Ms. Hyde. Remand will permit BCNR to review the report prepared by USACIL, a government forensic laboratory tasked with preparing unbiased evidentiary reports on the handwriting issue, thus filling a gap in the administrative record. See D'Avanzo v. United States, 54 Fed.Cl. 183, 187 (2002) ("When adding this [remand] provision, Congress contemplated that this power would be used by the Court to expedite litigation by allowing the Court to control the amount of time taken by an administrative agency after the Court has ordered the agency to fill in gaps in the administrative record so that the Court can make a decision based on the record. S. REP. NO. 92-1066 (1972) . . . ."). Additionally, USACIL's report, once completed, will constitute evidence material to Ms. Hyde's request for relief.

This Court has previously recognized its remand power in cases involving military personnel and the decisions of boards for the correction of military records. See, e.g., Six v. United States, 71 Fed. Cl. 671 (2006); Lopez-Velazquez v. United States, 69 Fed. Cl. 64, 66 (2005); D'Avanzo, 54 Fed. Cl. at 187; Bond v. United States, 47 Fed. Cl. 641, 644 (2000); Livengood v. United States, 49 Fed. Cl. 413 (2001). In Six, a Navy veteran sought correction of his naval records to reflect disability retirement on the basis of post-traumatic stress disorder. At trial the plaintiff submitted supplemental documentation (mostly new declarations) in support of his claim. The court remanded to BCNR to consider the new evidence and to consider the material allegation that the Board failed to consider. In Bond, a military pay suit involving a retired Air Force reserve officer who claimed he was entitled to active duty retirement benefits, the Court granted the Government's motion to remand to allow Air Force Board of Corrections of Military Records ("AFBCMR") to consider new evidence.

In Lopez-Velazquez, a former member of the Air Force who was separated administratively in lieu of court-martial requested relief from the AFBCMR. He asserted ineffective assistance of counsel and sought expungement of his record of separation, reinstatement, and back pay. The board denied his request, and he filed suit. The Government filed a motion to remand for additional review. In granting the motion, the Court of Federal Claims held that remand was appropriate because the board in its review of the claim had not considered the Air Force records of its investigation into the alleged ineffective assistance of counsel.

Finally, there is no basis for Ms. Hyde's contention that "it is only after a full review of the record (not currently before the Judge) that a determination can be made if a remand is

necessary and thus the Defendant's Motion should, at the very least be denied as premature." Pl. Response at 10. As we demonstrated above, "even if there are no intervening events, the agency may request a remand (without confessing error) in order to reconsider its previous position." SKF, 254 F.3d at 1029. Because the Court does not conduct a *de novo* trial of the evidence but reviews the BCNR's decision under the deferential arbitrary or capricious standard, remand is appropriate to allow BCNR to consider the merits of USACIL's report and make its own finding. The Court's role is to review for an abuse of discretion, not substitute its judgment for the judgment of the BCNR. See, e.g., King v. United States, 65 Fed. Cl. 385, 392 ("Even if the record contains evidence supporting the contrary conclusion, a Correction Board's decision cannot be reversed on that basis if substantial evidence also is found to support it, as it is not this Court's role to substitute its judgment for that of the Correction Board . . . ."). With respect to the new evidence, the Court cannot review whether BCNR has abused its discretion until BCNR has had the opportunity to review the new evidence and make a new decision.

Remanding to the Navy would: (1) potentially avoid needless litigation by resolving disputes at the agency level; (2) focus the issues for judicial review; and (3) efficiently allocate judicial resources. At the end of the remand, the Court would be in a position to evaluate efficiently the agency action on the basis of a complete administrative record, and Ms. Hyde would suffer no detriment as a result of the remand. See D'Avanzo v. United States, 54 Fed. Cl. 183, 187 (2002) ("When adding this [remand] provision, Congress contemplated that this power would be used by the Court to expedite litigation by allowing the Court to control the amount of time taken by an administrative agency after the Court has ordered the agency to fill in gaps in the administrative record so that the Court can make a decision based on the record. S. REP.

NO. 92-1066 (1972) . . .“). In fact, Ms. Hyde would have the opportunity to challenge in this Court any findings of the BCNR with which she may disagree based upon a full administrative record. King, 65 Fed. Cl. at 391 (this Court’s “review of military benefits decisions involving Correction Boards typically are based on an administrative record consisting of the documents and evidence that were before the Correction Board, any transcripts of proceedings, and the documents memorializing the board’s determinations.”).

After remand, Ms. Hyde would likely be in a better position and, possibly, have received all the relief she seeks, any issues remaining before the Court would be clarified, and no judicial resources would have been diverted to the matter during that time frame.

**CONCLUSION**

For these reasons, we respectfully request that the Court grant a voluntary remand for USACIL to conduct a handwriting analysis and the BCNR to reconsider Ms. Hyde’s petition in light of USACIL’s analysis.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

/s/ David S. Silverbrand
DAVID S. SILVERBRAND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit - 8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 305-3278
Fax: (202) 353-7988
Attorneys for Defendant

OF COUNSEL:

MARC S. BREWEN
LCDR, JAGC, USN
Office of The Judge Advocate General
United States Navy

March 24, 2008

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 24th day of March, 2008, a copy of the foregoing response to plaintiff's opposition to government's motion for remand, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ David S. Silverbrand