# In the United States Court of Federal Claims

**No. 07-828C**
**(Filed: March 28, 2008)**

* * * * * * * * * * * * * * * * *

**LOURDES HYDE,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * *

## ORDER DENYING MOTION FOR REMAND

Pending before the court is a motion by the defendant, the United States ("defendant" or "government"), for remand pursuant to Rule 52.2 of the Rules of the United States Court of Federal Claims ("RCFC"). The government seeks remand of the above-captioned case to the Department of the Navy ("Navy") for a period not to exceed three months, so that the Board for Correction of Naval Records ("BCNR") may reconsider its denial of a claim filed by the plaintiff, Lourdes Hyde ("plaintiff" or "Hyde"). For the reasons stated below, the government's motion is **DENIED**.[1]

Ms. Hyde filed a complaint in this case on November 27, 2007, seeking the payment of benefits under the Survivor Benefits Plan ("SBP") pursuant to 10 U.S.C. §§ 1447-1455 (1994). Compl. ¶ 1. Ms. Hyde is the widow of Reginald P. Hyde, a Retired Petty Officer of the Navy, who died on February 12, 2005. Compl. ¶ 3. Ms. Hyde contends that she was never notified of her husband's decision to opt out of the SBP and was never counseled regarding the consequences of his decision, as was required by 10

---

[1] Because the government's motion for remand is denied, the plaintiff's request to file a sur-reply, Pl.'s Resp. at 1 n.1, is **DENIED** as moot.

U.S.C. § 1448(a)(3)(A) (1994). Accordingly, Ms. Hyde seeks the award of full annuity benefits under the SBP, as if her husband had elected to participate in the SBP in May 1996, and the correction of her husband's records to reflect that he did not properly opt out of the SBP in 1996.

Ms. Hyde first petitioned the BCNR on May 20, 2005, alleging that the writing of her name on DD Form 2656, which is required to be completed by both a service member and his or her spouse at the time of the election to opt out of the SBP, was not in fact Ms. Hyde's signature. On September 7, 2005, the BCNR denied Ms. Hyde's petition, finding that "the evidence submitted was insufficient to establish the existence of probable material error or injustice." Pl.'s Ex. 2. In November 2005, Ms. Hyde petitioned the BCNR with supplemental evidence, including a handwriting analysis performed by a Board Certified Document Examiner concluding that the DD Form 2656 did not contain Ms. Hyde's signature. The BCNR denied her petition on February 15, 2006, again finding that "there was insufficient evidence to show that there was any error or injustice with [Mr. Hyde's] election to decline SBP coverage, and insufficient evidence to show that there was any error or injustice in memorializing the spousal concurrence with that decision." Pl.'s Ex. 4. Following the BCNR's second decision, Ms. Hyde filed the instant complaint.

In response to Ms. Hyde's complaint, the government filed a motion for remand pursuant to RCFC 52.2, which provides that "[a]t the request of a party or on its own motion, the court may in any case within its jurisdiction by order remand appropriate matters to any administrative or executive body or official with such direction as may be deemed proper and just." The government seeks remand to the Navy so that the Navy can obtain the results of a handwriting analysis to be conducted by the United States Army Criminal Investigative Laboratory ("USACIL") and present the results to the BCNR, which will then reconsider its denial of Ms. Hyde's petition. The government argues that a remand is necessary to allow the BCNR to consider the USACIL analysis and to create a record of its decision that reflects the USACIL analysis. The government asserts that, after the BCNR has reconsidered its decision, this court will have the opportunity to review the BCNR's decision with a complete administrative record.

Ms. Hyde opposes the government's motion. She contends that the requested remand is, in effect, an attempt by the government to bypass judicial review of the BCNR's first two decisions and to create a new administrative record to be ultimately used in evaluating the BCNR's final decision. Ms. Hyde asserts that, at the time of the original consideration of her petition, neither the BCNR nor the Navy requested a USACIL handwriting analysis though they had the opportunity to do so. Ms. Hyde argues, therefore, that the court should review the BCNR's first two decisions using the

administrative record as it currently exists. Ms. Hyde contends that if, after reviewing the BCNR's decisions, the court determines that remand would be proper, the court may order remand at that time.

The court agrees with Ms. Hyde that remand at this time is not necessary. If an agency requests a remand, without confessing error, in order to reconsider its previous decision, "the reviewing court has discretion over whether to remand." SKF USA, Inc. v. United States, 254 F.3d 1022, 1029 (Fed. Cir. 2001). In response to Ms. Hyde's first petition, the BCNR issued a decision on September 7, 2005. In response to Ms. Hyde's second petition, including supplemental evidence from a board-certified handwriting expert, the BCNR issued a decision on February 15, 2006. On both occasions, the BCNR determined that Ms. Hyde had not produced sufficient evidence to support her contention that the signature attributed to her on DD Form 2656 was actually written by someone else. If the BCNR, in evaluating either of Ms. Hyde's petitions, determined that a USACIL handwriting analysis would have aided its evaluation, it could have asked the Navy to obtain an analysis, but it did not do so, and instead issued decisions denying Ms. Hyde's petitions.[2] Accordingly, it is now appropriate for those decisions to be reviewed by this court. The government's motion for remand is **DENIED**.

The parties shall file a joint status report by **Friday, April 11, 2008** proposing a schedule for the filing of the administrative record and a briefing schedule for judgment on the administrative record.

**IT IS SO ORDERED.**

**s/Nancy B. Firestone**
NANCY B. FIRESTONE
Judge

[2]The government's reliance on D'Avanzo v. United States, 54 Fed. Cl. 183, 187 (2002), to support its contention that this case should be remanded for the BCNR to "fill in gaps" in the administrative record is misplaced. The administrative record upon which the BCNR made its first two decisions is complete. The government does not seek to "fill in gaps" in the administrative record but instead seeks to create new evidence to supplement the administrative record, which is not appropriate at this time.